# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| LARRY E. STARKS, Jr.  #170008-026 | * | |
| Petitioner, | * | Civil Action No. RDB-15-3749 |
| v | * | |
| TIMOTHY STEWART, Warden, | * | |
| Respondent. | * | |

## MEMORANDUM OPINION

The self-represented Petitioner, Larry E. Starks Jr, filed this Motion to Proceed in forma pauperis and Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. §2241, seeking vacatur of his convictions in the United States District Court for the Central District of Illinois (Springfield Division). After reviewing the Petition, this Court deems a hearing unnecessary. *See* Local Rule 105.6 (Md. 2014). For reasons to follow, the Petition will be DISMISSED WITH PREJUDICE.

## PROCEDURAL HISTORY

Starks is an inmate at the Federal Correctional Institution in Cumberland, Maryland. On December 18, 2009, Starks pleaded guilty in the United States District Court for the Central District of Illinois to knowingly attempting to manufacture five or more grams of methamphetamine, in violation of 21 U.S.C. §841(a)(1). *United States v. Starks*, Criminal Case No. 09-30070 (C.D. Il.). On July 23, 2010, that Court sentenced Starks to 236 months imprisonment. *Id*.

On December 8, 2010, Starks filed a Motion to Vacate, Set Aside or Correct Sentence pursuant to 28 U.S.C. §2255, which was dismissed with prejudice. The District Court determined

Starks' claims were barred by the waiver he signed upon entering his plea with the Government and dismissed the Motion with prejudice. *Starks v. United States*, Civil Action No. 10-cv-3323 (C.D. Il.) (Springfield).[1]  On June 3, 2013, the United States Court of Appeals for the Seventh Circuit denied Starks' request for a Certificate of Appealability. *Starks v. United States,* CA7 No. 12-3493.

On December 2, 2014, Starks filed another Motion to Vacate. *Starks v. United States*, Civil Action No. 3-14-cv-3371-RM (C.D. Il.).  On January 9, 2015, the District Court dismissed the Motion on the grounds that Starks had not obtained permission from the Court of Appeals to file a second or successive motion as required under 28 U.S.C. §2255(h).  *Id*.

Starks filed this §2241 Petition in the District of Maryland on December 8, 2015. (ECF 1).

## DISCUSSION

In the instant §2241 petition, Starks is challenging his conviction and sentences. He maintains he is actually innocent of the offense for which he was convicted and received ineffective assistance of plea counsel. (ECF 1).

A motion to vacate, set aside or correct sentence under 28 U.S.C. §2255 is typically the exclusive remedy for testing the validity of federal judgments and sentences. 28 U.S.C. §2255(a); *see also Rice v. Rivera*, 617 F.3d 802, 807 (4th Cir. 2010) ("[I]t is well established that defendants convicted in federal court are obliged to seek habeas relief from their convictions and sentences through § 2255) (citing *In re Vial*, 115 F.3d 1192, 1194 (4th Cir. 1997) (en banc)). Attacks on the execution of a sentence are properly raised in a §2241 petition. *Id*. at n. 5. "In contrast to a [Section] 2255 habeas petition, which is filed with the original sentencing court, a

---

[1] The procedural history of this case was obtained from the electronic docket.  *See* https://ecf.ilcd.uscourts.gov/doc1/ 06511419756.

[Section] 2241 habeas petition can only be filed in the district in which a prisoner is confined." *United States v. Poole*, 531 F.3d 263, 264 (4th Cir. 2008); 28 U.S.C. §2241(a); 28 U.S.C. §2255(a).

A federal prisoner may not collaterally attack a conviction or sentence in a §2241 petition unless the remedy available is "inadequate or ineffective to test the legality of his detention." 28 U.S.C. §2255(e); *In re Jones*, 226 F.3d 328, 333 (4th Cir. 2000). This provision, often referred to as the "savings clause," does not trigger "merely ... because an individual is procedurally barred from filing a Section 2255 motion[.]" *In re Vial*, 115 F.3d 1192, 1194 (4th Cir. 1997). A petitioner bears the burden of demonstrating that the §2255 remedy is inadequate or ineffective. *Hood v. United States*, 13 F.App'x 72 (4th Cir. 2001).

The United States Court of Appeals for the Fourth Circuit has held that §2255 is inadequate and ineffective to test the legality of a conviction when: "(1) at the time of conviction, settled law of this circuit or the Supreme Court established the legality of the conviction; (2) subsequent to the prisoner's direct appeal and first §2255 motion, the substantive law changed such that the conduct of which the prisoner was convicted is deemed not to be criminal; and (3) the prisoner cannot satisfy the gatekeeping provisions of §2255 because the new rule is not one of constitutional law." *In re Jones*, 226 F.3d at 333-44.

Starks does not address, much less satisfy, the elements of the test announced in *Jones*. He is attacking his conviction and fails to demonstrate the remedy under §2255 is unavailable or inadequate. Accordingly, he may not attack his criminal judgment by way of this §2241 Petition.

## CONCLUSION

For these reasons, the Petition will be dismissed with prejudice. A Certificate of Appealability may issue only if there is a substantial showing of the denial of a constitutional

right, *see* 28 U.S.C. § 3553(c), and this standard has not been met. Accordingly, this Court declines to issue a Certificate of Appealability. A separate Order follows this Memorandum Opinion.


February 8, 2016        _/s/_____
Date                                     RICHARD D. BENNETT
                                         UNITED STATES DISTRICT JUDGE